**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO RAMIRO XECHE-AJCAC, | No.   19-72072 |
| Petitioner, | Agency No. A206-262-882 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Antonio Ramiro Xeche-Ajcac, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his motion for a

continuance.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a continuance and review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Xeche-Ajcac's motion for a continuance to obtain a passport, where he made no attempt to obtain a passport in the nine months prior to his voluntary departure eligibility hearing. *See id.* at 1012 (listing factors the court considers when reviewing the denial of a continuance, including the reasonableness of the petitioner's conduct); 8 C.F.R. § 1240.26(c)(2) (requiring a passport or other travel documents for voluntary departure).

We lack jurisdiction to review Xeche-Ajcac's unexhausted due process contentions that the IJ failed to provide a Tz'utujil interpreter and failed to explain voluntary departure to him. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring exhaustion for procedural due process claims).

To the extent Xeche-Ajcac challenges the IJ's denial of asylum and related relief, this petition is not timely as to that claim. *See* 8 U.S.C. § 1252(b)(1) (a petition for review must be filed within 30 days of a final order of removal); *Rizo v. Lynch*, 810 F.3d 688, 691 (9th Cir. 2016) ("a remand by the BIA to an IJ solely to consider voluntary departure does not affect the finality of the BIA's decision for purposes of our review" (internal quotation marks and citation omitted)).

Xeche-Ajcac's contention that the immigration court lacked jurisdiction over

his proceedings because his notice to appear lacked a time and date for his initial hearing is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

As stated in the court's September 30, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**